# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50378
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGEL ANTONIO LUNA-FLORES, also known as Anthony Angel Esparza, also known as Angel Anthony Luna Flores,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-2110-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Angel Antonio Luna-Flores appeals the sentence of 37-months' imprisonment imposed following his guilty plea for illegal reentry into the United States in violation of 8 U.S.C. § 1326. He contends his sentence was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and violates due process.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-50378

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Where, as here, the district court imposes a sentence within a properly calculated advisory Guidelines sentencing range, the sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). Luna challenges the presumption being accorded a sentence under Guideline § 2L1.2, asserting it lacks an empirical basis. He concedes his claim is foreclosed by our precedent, and presents it solely to preserve it for possible further review. *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009).

Our court has previously rejected the contention, now made by Luna, that the illegal reentry Guideline renders his sentence unreasonable because it impermissibly double counts his criminal history. *Id.* The same is true for his assertion that the Guidelines overstate the seriousness of illegal reentry because it is simply an international-trespass offense. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Luna's contention that his benign motives for returning to the United States warranted a lesser sentence is also unavailing. *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

No. 18-50378

The district court made an individualized assessment of the sentencing factors, including the mitigating circumstances presented by Luna, and determined a Guidelines sentence was appropriate. Needless to say, the district court was in "a superior position to find facts" and evaluate their importance under the 18 U.S.C. § 3553(a) sentencing factors, and we will not reweigh its assessment of them. *See Gall*, 552 U.S. at 51–52 (citation omitted). In short, Luna fails to rebut the presumption of reasonableness applicable to his Guidelines-range sentence. *See Rashad*, 687 F.3d at 644; *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), Luna also claims the statutory maximum sentence under 8 U.S.C. § 1326(b)(1) is inapplicable because his indictment did not allege any prior felony conviction. As he concedes, however, the issue is foreclosed; he presents the issue solely to preserve it for possible further review. *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

AFFIRMED.